IN THE CIRCUIT COURT OF RITCHIE COUNTY, WEST VIRGINIA

JEFFREY MAGGARD and
LAUREN MAGGARD, his wife,

        Plaintiffs,

v.                                                Civil Action No. 17-C-_35_
                                                Honorable _Sweeney_

TRIPLE J OILFIELD SERVICES LLC, a
limited liability company; RECON OILFIELD
SERVICES INC., a foreign corporation,
Individually and d/b/a Triple J Oilfield
Services LLC; and ANTERO RESOURCES
CORPORATION, a foreign corporation,

        Defendants.

## COMPLAINT

1.     Plaintiff, Jeffrey Maggard, at all times complained of herein, was an employee of Precision Drilling Oilfield Services, Inc., which is in the business of drilling oil and gas wells in West Virginia and throughout the United States. Plaintiff, Lauren Maggard, was and is the wife of plaintiff Jeffrey Maggard.

2.     Defendant Triple J Oilfield Services LLC is a limited liability company (hereinafter referred to as "Triple J,") which provides various services to owners and operators of oil and gas properties, leases and well sites where oil and gas wells.



3. Defendant Recon Oilfield Services Inc. is a corporation (hereinafter referred to as "Recon,") which provides various services to owners and operators of oil and gas properties, leases and well sites.

4. Defendant Recon, upon information and belief, purchased Triple J in January 2016, prior to the occurrence on November 11, 2016, complained of herein and Recon now is known as "Recon d/b/a Triple J" and upon information and belief, Recon and Triple J are independently liable for the injuries to plaintiffs as set forth herein and are also jointly liable for same and plaintiffs complain against Recon and Triple J both jointly and severally.

5. Defendant Antero Resources Corporation, (hereinafter referred to as "Antero,) is in the business of owning, leasing and operating oil and gas properties and interests and drilling oil and gas wells, hiring persons and companies and contractors to enter upon said properties and drill oil and gas wells pursuant to permits that they obtain from governmental authorities and they supervise and oversee the safe and proper construction of the site and all operations which occur on said site.

6. Prior to and on November 2016, Defendants Precision, Antero, Recon and Triple J had agents, servants and employees present at said site performing various duties in drilling an oil and gas well and supporting and assisting each other in constructing the wellhead, the wellhead pad and drilling the oil and gas well at said location on and near an oil and gas well drilling site called Kelly Pad near Pennsboro, Ritchie County, West Virginia.

7. Defendants Recon, Triple J and Antero had specific duties and responsibilities which included the duty to not cause or contribute to a circumstance or environment which would or could cause a fire to occur at said location which could be dangerous to the health and safety of the individual workers who were in the process of assisting in the drilling of the well.

8. All defendants had the duty to not bring onto the well pad or near thereto any equipment, wiring or installation of equipment in hazardous locations which was not intrinsically safe approved for hazardous (classified) location or which were not safe for the location.

9. Antero had the duty and responsibility to inspect, supervise and assure that equipment, wiring methods and installations of equipment did not come onto or be brought onto the aforesaid well site which might cause or contribute to a fire or explosion.

10. On November 11, 2016, Recon and/or Triple J, acting by and through its agents, servants and employees and/or by and through its joint venturers brought a 115 Volt 25 Amp Alltite Hydraulic Pump to the above described well site and operated the same in an area which was a hazardous location to operate electrical equipment not certified and safe for said operation.

11. Recon and Triple J, acting as aforesaid, negligently, carelessly and wrongfully operated the pump and the equipment, wiring, and installation in the hazardous location and/or locations, which were not intrinsically safe, approved for hazardous locations and/or was not safe to be operated in the hazardous location.

3

12. On November 11, 2016, the aforesaid pump was located on the site near the well head which had the "night cap" that was to be removed from the well, and defendants Recon and Triple J employees were in the process of loosening the bolts holding the night cap in place.

13. At said time, the pump was supplied electricity through an extension cord which was plugged into an electrical outlet in the "dog house," or on said rig.

14. Defendants Recon and Triple J and Antero knew or should have known that the aforesaid pump was not certified, approved or safe to operate within the hazardous area on the well site and that bringing the equipment on said site and operating it violated 29 CFR 1910.307(c) and violated the industry safety standards since said operation in those conditions are likely to cause a fire or explosion.

15. At all times complained of herein, Recon and Triple J were acting as agents, servants and/or employees of Antero.

16. On November 11, 2016, Antero, acting by and through its agents, servants and employees, including Recon and Triple J, brought onto the well site in a hazardous location as aforesaid, an electrical hydraulic pump which was not safe nor approved for operating in said area and/or Antero permitted Recon and Triple J to bring said equipment onto said site and operate it in said hazardous location.

17. At all times Antero had personnel on site and it had the duty and responsibility to oversee and supervise the personnel who were working at the well site to assure the safety of the operations.

18. Antero violated its duty and responsibility for the safety of the persons, including the plaintiff, who was on the well site, (the Kelly pad,) by and through the acts and omissions of Recon and Triple J, its agents, servants and employees and by its own violations of its duty to prevent the bringing of unsafe and unapproved electrical equipment onto the well site and/or otherwise causing a fire on said well site.

19. As a proximate result of each defendants' violation of their duties and responsibilities as aforesaid, a fire or explosion occurred at said well site caused by the non-approved electrical hydraulic pump and its wiring and apparatus which ignited natural gas which was foreseeably located on the well site.

20. The aforesaid fire caused plaintiff Jeffrey Maggard to be severely burned and he was severely injured and damaged.

## COUNT I

Plaintiffs reallege each of the above allegations and further allege as follows:

21. Plaintiff Jeffrey Maggard was working on the well site on November 11, 2016, when a fire erupted on said site.

22. At said place and time, defendants Recon and Triple J negligently, carelessly and wrongfully brought an unapproved and dangerous electrical hydraulic pump onto the well site in the presence of hazardous natural gas which would or could cause a fire.

23. Antero negligently, carelessly and wrongfully supervised the well site safety and by its agents, including Recon and Triple J. brought the aforesaid pump onto the property which it knew or would have known would cause a fire.

5

24. Defendants and each of them negligently, carelessly and unlawfully, by their acts and omissions, caused and or contributed to a fire to occur in and around plaintiff on November 11, 2016, which as a proximate result, your plaintiff was burned and caused to suffer physical injury to his body by plaintiffs' escape by jumping from said rig.

25. Defendants knew or should have known that a person may be injured as a result of the dangerous conditions above.

26. Defendants failed to warn plaintiff of said dangerous conditions.

27. Defendants knew or should have known that the aforesaid condition would or could cause plaintiff or others harm.

28. Defendants negligently, carelessly and wrongfully caused and/or permitted a dangerous device or devices to be brought to the well site and to cause a fire and explosion thereon which posed a danger to persons present on said site and defendants were negligent in other ways, including the failure to keep the site safe, inspect the same and warn of dangers to persons and employees on or near same.

29. As a proximate result of the acts, conduct and omissions of defendants acting jointly and severally, by and through their agents, servants and employees and on behalf of themselves, plaintiffs were injured and damaged as follows:

    a. Plaintiff incurred and will incur medical bills in the future;

    b. Plaintiff has lost income and will incur lost income in the future;

    c. Plaintiff has suffered and will in the future suffer physical and mental pain and suffering;

6

d. Plaintiff has suffered and will in the future suffer loss of enjoyment of life;

e. Plaintiff has suffered and will in the future suffer severe emotional distress; and

f. Plaintiff has suffered permanent injuries and damages including disfigurement;

g. Plaintiff, Lauren Maggard, lost the consortium of her husband as a result of defendants' acts and conduct.

30. Defendants and each of their acts and omissions were reckless, willful and wanton and exhibited an indifference to the safety of the public, including the plaintiffs in this case, such that entitles plaintiffs to punitive damages against defendants.

WHEREFORE, plaintiffs demand judgment, of and from defendants and each of them, jointly and severally, for compensatory damages and for punitive damages, a trial by jury, interest, the costs and disbursements of this action and for such other and further relief as the Court deems just and proper.

## COUNT II

For their second Count, plaintiffs restate the allegations above and further complain and say as follows:

31. Defendants caused and created a nuisance in that defendants violated their duty owed to the plaintiff and others who were lawfully on the property by exposing persons to severe injury and burns at or on said property.

32. As a proximate result of defendants and each of their acts, conduct and omissions and the creation of a nuisance as aforesaid, plaintiffs was injured as set forth above.

WHEREFORE, plaintiffs demands judgment, of and from defendants and each of them, jointly and severally, for compensatory damages and for punitive damages, a trial by jury, interest, the costs and disbursements of this action and for such other and further relief as the Court deems just and proper.

>                             JEFFREY MAGGARD and
>                             LAUREN MAGGARD, his wife,
>
>                             By Counsel

*[signature]*

Marvin W. Masters
West Virginia State Bar No. 2359
Kelly Elswick-Hall
West Virginia State Bar No. 6578
The Masters Law Firm lc
181 Summers Street
Charleston, West Virginia  25301
Counsel for Plaintiffs
F:\2\731\p002.docx